Maupin, J.,
concurring and dissenting:
NRS 482.345 and 482.346 require, as a condition of licensure, the posting of a bond or cash deposit to compensate “persons injured” by violations of NRS chapter 482. This requirement is clearly intended to compensate defrauded consumers, not satisfy DMV fine collections. Thus, the issue to be decided does not involve whether the parties below had priority to lodge claims *1193 against the deposit, or whether the Nevada garnishment statutes have been followed. Rather, the issue is whether any release of the monies should have been allowed.
I conclude that the DMV had no right to satisfy its fines out of the bond and no right to preempt a garnishment by simply paying a portion of the cash bond to itself. I also conclude that, even without a right of setoff by the DMV, the attorney’s claimed right of garnishment must likewise fail. This result is required by the fact that disbursements from a dealer’s bond or deposit may only occur upon approval by the DMV of a claim of consumer fraud or upon final or partial release under NRS 482.345(1). Because neither party to this appeal qualifies as a person injured under the statute, because the bond or deposit must remain in place until a full or partial release, and because no such release has been ordered in compliance with the statute, both claims to the proceeds are invalid.
This is not to say that the proceeds of the deposit are not subject to the lien process to be foreclosed upon when the funds are properly released. In this connection, I disagree with the conclusion reached by Rose, J., that agreements approved by the district court gave the DMV priority status. These agreements, whereby the dealer admitted violations, terminated business and stipulated that the fines be paid from the deposit were not in compliance with NRS 482.345 and NRS 482.346. Before such a stipulation could be approved, a separate hearing should have been conducted to determine whether a release of the funds could adequately address outstanding consumer complaints.[1]
There appear to be no statutory priorities as between these parties. Thus, I would remand to have the district court (1) determine whether a release of the funds will satisfy the intent of the statute; and (2) to determine the proportionate shares of these parties to the deposit proceeds.[2]

 The district court found that no claims against the bond were outstanding. Such a finding would ordinarily justify release because the department has the inherent authority upon cessation of a licensee’s business to make determinations that continuation of deposits are not required. Here, however, the extent of violations was so profound that precautions to insure that consumer Complaints could be addressed should have been taken. Thus, I agree with Young, J., that the district court failed to make sufficient findings of fact to justify the release of the funds to the DMV.

 Rather than stimulate another “race” to execute upon the deposit, the district court should conclude that both claims are of equal priority, unless it concludes that the DMV has not perfected its right to execute.